UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:13-CR-80 |
| | ) | |
| PRESTON R. CRAIG | ) | |

**OPINION AND ORDER**

The Defendant, Preston R. Craig, is charged with possession of a controlled substance with the intent to distribute, maintaining a place for the purpose of distributing a controlled substance, possession of a firearm in furtherance of a drug crime, and of being a felon in possession of a firearm. This matter is before the Court on the Defendant's Motion to Suppress [ECF No. 28] filed on December 3, 2013. The Government filed its Response [ECF No. 30] on December 18, 2013.

In his Motion to Suppress, the Defendant asserts that the October 24, 2013, Search Warrant, attached to the Motion as Exhibit A [ECF No. 28-1], is invalid because it was not supported by a valid probable cause affidavit at the time it issued. The Defendant presents two exhibits in support of this argument. First, the Defendant presents an "Affidavit For Probable Cause" [ECF No. 28-2] dated October 25, 2013, which is attached as Exhibit B to the Motion. Because this affidavit is dated one day after the Search Warrant issued, the Defendant argues that the Search Warrant cannot be based on that affidavit. Second, the Defendant submits a document titled "Search Warrant Affidavit" [ECF No. 28-3] dated October 24, 2013, which is attached to the Motion as Exhibit C. In a footnote the Defendant seems to question the authenticity of the "Search Warrant Affidavit" stating that "it is not file marked and has no return." [Mot. to Suppress, ECF No. 28, at 1].

In response to the Defendant's Motion to Suppress, the Government explains that the "Affidavit for Probable Cause," [ECF No. 28-2] dated October 25, 2013, and submitted as Defendant's Exhibit B, is actually the affidavit in support of the warrantless arrest of the Defendant and not in support of the Search Warrant. The Government also notes that the "Affidavit of Probable Cause" describes the execution of the Search Warrant and the quantity of drugs seized and therefore cannot be the affidavit in support of the Search Warrant. Therefore, the Government and the Defendant essentially agree that the "Affidavit of Probable Cause" is not the basis for the Search Warrant. The Government states that the "Search Warrant Affidavit" [ECF No. 28-3] is the basis for the Search Warrant.

Responding to the Defendant's claims regarding the authenticity of the "Search Warrant Affidavit," the Government notes that the Defendant submitted the only copy available to the Government at the time of initial discovery in this case. Since that time, the Government obtained a signed and sealed copy of the Search Warrant Affidavit and has attached it to its Response to the Defendant's Motion to Suppress as Exhibit 1 [ECF No. 30-1]. The Government also notes that although it has not yet received a return, it will provide a copy to the Defendant upon receipt. Furthermore, the Government explains in its Response that the Defendant could get access to the original documents by obtaining permission from a judge with the Allen County Superior Court.

A judge's duty in reviewing a search warrant is limited. The duty of a reviewing court is simply to ensure that the issuing court had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983). Probable cause is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. "A magistrate's

determination of probable cause 'is to be given considerable weight and should be overruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated.'" *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005) (quoting *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999)); *see also United States v. Farmer*, 543 F.3d 363, 377 (7th Cir. 2008) (holding that a reviewing court will "defer to the determination of the warrant-issuing judge that probable cause existed so long as 'there is substantial evidence in the record supporting the judge's decision'" (quoting *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002))).

In this case the Defendant does not actually challenge the existence of Probable Cause or the substance of the "Search Warrant Affidavit." Instead, the Defendant essentially challenges whether the information contained in the Search Warrant was actually "in the record" when the Search Warrant issued. Regarding the "Probable Cause Affidavit," attached as Exhibit B to the Defendant's Motion, the Government acknowledges that it is not the basis for the Search Warrant, but instead is the basis for the warrantless arrest of the Defendant that occurred the day after the execution of the Search Warrant. Therefore, the "Probable Cause Affidavit" is irrelevant for purposes of determining whether a valid affidavit existed prior to the issuance of the Search Warrant. As the Government explains in its Response, the "Search Warrant Affidavit" is the basis for the Search Warrant. The only concern the Defendant raised with regard to the "Search Warrant Affidavit" is the lack of a file stamp and a return and thus that perhaps the "Search Warrant Affidavit" might not have existed before the Search Warrant issued. The

Government's Response explains that the copy submitted by the Defendant is the copy the Government turned over during the initial discovery phase, as it was the only copy in the Government's possession at the time. Since then, the Government has obtained a signed and sealed copy of the "Search Warrant Affidavit." The Government also notes that it has not yet received a return, but will turn it over to the Defendant when it is received. Furthermore, the Government notes that procedures are in place in state court that allow the Defendant, if he so chooses, to review the original documents. The Court finds that the Search Warrant was based on the "Search Warrant Affidavit," which existed prior to issuance of the Search Warrant. The Government's submission of a signed and sealed copy resolves the Defendant's concerns regarding the document's authenticity.

For the reasons stated above, the Court DENIES the Defendant's Motion to Suppress [ECF No. 28]. A telephonic final pretrial conference is set for February 4, 2014, at 11:30 AM before Judge Theresa L. Springmann. The Court will initiate the call. The three (3) day jury trial is scheduled to begin on February 18, 2014, at 8:30 AM before Judge Theresa L. Springmann.

SO ORDERED on January 16, 2014.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT